IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:11-cr-39-WHA |
| BRADLEY PEMBERTON | ) | [wo] |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court is *Defendant's Motion to Dismiss* (Doc. 19, filed April 14, 2011). The United States' filed its *Response to Motion to Dismiss* (Doc. 25, filed April 22, 2011). After the May 4, 2011 evidentiary hearing and due consideration of briefs, arguments, and applicable law, the Magistrate recommends that the District Court **DENY** the motion to dismiss.

**I. FACTUAL BACKGROUND AND MOTION TO DISMISS**

Bradley Howard Pemberton ("Pemberton" or "Defendant"), a sergeant in the Montgomery Police Department, was authorized to access the Law Enforcement Tactical System ("LETS"). LETS provides law enforcement personnel with Alabama drivers license information as well as Social Security numbers, date of birth, and home address. *See* Doc. 1. On February 18, 2011, Pemberton was indicted on one count of committing wire fraud in violation of 18 U.S.C. § 1343 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). *Id*. The indictment alleges that on or about December 2, 2008, Pemberton used the LETS system to improperly obtain information on B.N.P. and

subsequently submitted an application for a Discover Card credit card using information he allegedly gained from the LETS system. *Id*. As a result, Discover Card opened an account in the name of B.N.P. which was then used to make a payment on a previously fraudulently obtained American Express card. *Id*. The indictment further alleges that this use of another person's identify was unlawful and the acts were transmitted in interstate commerce by means of a wire communication - specifically that the Discover Card credit card application was sent via the internet from Elmore County, Alabama to Ohio. *Id*.

Pemberton filed his motion to dismiss on April 14, 2011. *See* Doc. 19. In the motion, he argues that "[b]ecause the Government cannot present evidence, beyond a reasonable doubt, that Mr. Pemberton accessed the [] system to get the identifying information, the Jury could not convict him of Wire Fraud or Aggravated Identity Theft . . . [t]herefore, the indictment and this case are due to be dismissed. *See* Doc. 19 at ¶ 13. Pemberton sets forth the reasons which he believes show that the Government cannot meet its burden of proving its case beyond a reasonable doubt. *See id. generally*. The government timely filed its response and a hearing was convened on May 4, 2011. The motion is now ripe for the Court's review.

## II. DISCUSSION AND ANALYSIS

Pemberton emphasizes the facts he believes will be adduced at trial and his belief that the Government cannot prove the charges beyond a reasonable doubt. He moves to dismiss the indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

Under FED. R. CRIM. P. 12(b), an indictment ay be dismissed only if there is an "infirmity of law in the prosecution." *United States v. Belcher*, 927 F.2d 1182, 1185 (11th Cir. 1991) (quoting *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)). For the purposes of a motion to dismiss, the factual allegations of the indictment are accepted as true and if sufficient to state the offense charged, "the indictment is not deficient and a motion to dismiss aimed at the substance of the charge must be denied. *United States v. Feguson*, 142 F.Supp.2d 1350, 1353 (S.D. Fla. 2000). In short, there is no summary judgment mechanism in criminal cases, nor do the rules provide for a pre-trial determination of the sufficiency of the evidence. *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). The sufficiency of a criminal indictment is determined from its face. *Id*.; *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004).

Pemberton does not argue and there is no doubt Pemberton has been properly indicted and therefore the government is entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to FED. R. CRIM. P. 29. *Salman*, 378 F.3d at 1268. No authority exists for this Court to grant a pre-trial judgment as a matter of law on the merits of the case as this clearly invades to province of the jury. The Eleventh Circuit recognizes that "our system of criminal procedure may result in legally meritless cases being sent to trial, but absent further legislative direction, it is not for the courts to filter which criminal cases may reach the trial stage by reviewing the proffered evidence in advance." *Id*. at 1269. After reviewing the caselaw presented by the government,

Pemberton's counsel rightly concedes his motion is in essence a motion for summary judgment. If counsel is correct in his assessment that the United States cannot meet its burden of proof, a Rule 29 motion is his only remedy and the only vehicle by which the Court may provide as there is no summary judgment mechanism in criminal law.

### III.  CONCLUSION

Pursuant to the foregoing findings and conclusions, it is the recommendation of the Magistrate Judge that *Defendant's Motion to Dismiss* (Doc. 19) be **DENIED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation not later than **May 23, 2011.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)(*en*

*banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 9th day of May, 2011.

                                      /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE