IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR. No. 2:11cr39-WHA |
| ) | (WO) |
| BRADLEY PEMBERTON. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on a Motion in Limine filed by Defendant Bradley H. Pemberton ("Pemberton") (Doc. #41).

The Government has charged Pemberton with two counts: (1) wire fraud, pursuant to 18 U.S.C. § 1343; and (2) aggravated identity theft, pursuant to 18 U.S.C. § 1028A(a)(1). The Government alleges that, on December 2, 2008, Pemberton applied for a credit card using his own address, but the name, social security number, and date of birth of another individual named Bradley N. Pemberton ("Bradley N."). During the relevant times of this case, Pemberton worked as a sergeant with the Montgomery Police Department. The Government alleges that Pemberton obtained Bradley N.'s identifying information using the Montgomery Police Department's Law Enforcement Tactical System ("LETS") on December 2, 2008. At trial, the Government seeks to introduce evidence of not only the charged conduct of December 2, 2008, but also evidence of two previous instances in which Pemberton applied for a credit card after accessing LETS, using Bradley N.'s identifying information and Pemberton's own address.

In the Motion, Pemberton argues that evidence of the above *uncharged* conduct is inadmissible because: (1) it is improper character evidence that does not satisfy Federal Rule of Evidence ("FRE") 404(b); (2) it is irrelevant under FRE 402; and (3) its probative value is

substantially outweighed by its prejudicial effect under FRE 403. The court concludes that these objections are due to be OVERRULED.[1]

### A.     FRE 404(b) "Other Crimes, Wrongs, or Acts" Evidence

Pemberton argues that the above uncharged conduct is inadmissible under FRE 404(b). FRE 404(b) states, in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for *other purposes*, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In the Eleventh Circuit, evidence is admissible under FRE 404(b) if "(1) it [is] relevant to an issue other than defendant's character; (2) there [is] sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence [is not] substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citing *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000)).

####       1.     *Prong 1: Relevant to an Issue Other than the Defendant's Character*

---

[1]The Government's Response to Pemberton's Motion in Limine also argues that this court should admit evidence of Pemberton's prior credit card applications that were made using only his own identifying information. Because Pemberton has not objected to the introduction of this evidence, the court need not address the Government's argument on this point at this time. *See* Def.'s Mot. in Limine at 1 (stating that Pemberton objects to the introduction of evidence showing he "applied for any other credit cards, *using Bradley N. Pemberton's identifying information*, other than the Discover card application that is before this court) (emphasis added).

The first prong of the Eleventh Circuit's FRE 404(b) test is that the evidence at issue must be relevant to an issue other than the defendant's character.

The evidence at issue is relevant to several purposes besides character. For example, Pemberton made a statement to an investigator that he was receiving unsolicited credit cards in the mail, and did not know why, which is circumstantial evidence that he did not commit the charged conduct. The prior LETS accesses and credit card applications refute this argument by showing Pemberton had *knowledge* of why he was receiving credit cards in the mail, and also show the *absence of mistake or accident*.

Additionally, to convict Pemberton, the Government must show that Pemberton satisfied the *mens rea* requirement of each crime. The prior LETS access and credit card applications are probative to proving this *intent*. In *United States v. Beechum*, the Fifth Circuit reasoned that, if a defendant had unlawful intent in committing an extrinsic offense, it is less likely that he had lawful intent in committing charged conduct similar to the extrinsic offense. *United States v. Beechum*, 582 F.2d 898, 912 (5th Cir. 1978).[2] The Government argues that *Beechum*'s rationale applies to this case. To apply the *Beechum* reasoning, the Eleventh Circuit requires that "the extrinsic offense requires the same intent as the charged offense." *United States v. Cardenas*, 895 F.2d 1338, 1343 (11th Cir. 1990) (quoting *United States v. Barnes*, 586 F.2d 1052, 1057 (5th Cir. 1978)). In this case, because the charged conduct is of the same type as the extrinsic offense, the extrinsic offense requires the same intent. *See United States v. Jackson*, 761 F.2d 1541, 1543 (11th Cir. 1985); *United States v. Lamb*, 214 F. App'x 908, 916 (11th Cir. 2007).

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit.

Thus, it is appropriate to apply the *Beechum* rationale, and therefore, this evidence is probative of intent.

In sum, the challenged evidence meets the first prong of the Eleventh Circuit's FRE 404(b) test.[3]

      2.    *Prong 2: Sufficient for a Jury*

The second prong of the Eleventh Circuit's FRE 404(b) test is that the evidence must be sufficient for a jury to find that the defendant committed the extrinsic act.

To meet this requirement, the evidence must be such that a jury could "reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988).

The Government stated that it will introduce evidence that Pemberton actually received two credit cards in the name of Bradley N., and actually used these cards.[4] The court concludes that this evidence is sufficient for a reasonable jury to conclude that "the act occurred and that the defendant was the actor." Specifically, a reasonable juror could find the fact that Pemberton received two credit cards in another individual's name, and then later used these cards, meant

---

[3] The court expresses no opinion on other non-character purposes for which the challenged evidence may be relevant.

[4] The Government has not introduced this evidence yet. However, the second prong of the Rule 404(b) test is a "question[] of relevance conditioned on fact" under FRE 104(b). *Huddleston v. United States*, 485 U.S. 681, 689 (1988). Therefore, this court "may . . . at a later point in the trial assess whether sufficient evidence has been offered to permit the jury to make the requisite finding." *Id.* at 690.

that Pemberton wanted to obtain these cards, and the fact that this allegedly happened twice might not simply be a coincidence.

Thus, the court concludes that the second prong of the Eleventh Circuit's FRE 404(b) test is satisfied.

### 3. *Prong 3: Meet the Requirements of FRE 403*

The third prong of the Eleventh Circuit's FRE 404(b) test is that the probative value of the evidence must not be substantially outweighed by undue prejudice, and it must otherwise satisfy FRE 403.

The Eleventh Circuit has stated that, in considering whether the third prong of the FRE 404(b) test has been met, the court should consider, *inter alia*: "[1] whether it appeared at the commencement of trial that the defendant would contest the issue of intent, [2] the overall similarity of the charged and extrinsic offenses, and [3] the temporal proximity between the charged and extrinsic offenses." *Edouard*, 485 F.3d at 1345 (citing *United States v. Dorsey*, 819 F.2d 1055, 1062 (11th Cir. 1987)).

In this case, those factors strongly favor admission of the challenged evidence. First, Pemberton entered a not guilty plea, and has not taken any affirmative steps to remove intent as an issue in this case. *See id.* Second, the charged conduct is very similar to the uncharged conduct. Third, the temporal proximity of the charged and uncharged conduct is close: Pemberton applied for one of the credit cards in 2006, and the other in 2008, and the charged conduct occurred in December, 2008. *See id.* at 1346 (finding two-year temporal proximity not

too remote, and also noting that the Eleventh Circuit has previously found temporal proximities of five, six, and fifteen years not to be too remote).

Pemberton argues that the introduction of this evidence would be problematic because (1) it would require him to "litigate several incidents of identity theft and wire fraud;" (2) it would confuse the jury because the "jury will be unsure whether they are considering single or multiple counts of wire fraud and aggravated identity theft;" and (3) introducing this evidence will "waste the Court's time." Def.'s Mot. in Limine ¶ 4.

The court rejects these objections, and finds that the challenged evidence satisfies FRE 403. Pemberton may or may not prevail at trial here regardless of what the jury thinks about the challenged evidence, as the Government has the burden to prove beyond a reasonable doubt that he committed the charged conduct, and thus Pemberton need not "litigate several incidents" in this case. To the extent Pemberton is concerned that the jury may decide this case based on the prior conduct and not the charged conduct, he can mitigate that perceived problem by requesting a proper limiting instruction, and proper jury instructions. *Edouard*, 485 F.3d at 1346. Finally, due to the probative value of the challenged evidence, discussed above, the court finds that the introduction of this evidence is valuable, and is not substantially outweighed by unfair prejudice or waste of time.

In sum, the third prong of FRE 404(b) is satisfied. Therefore, Pemberton's FRE 404(b) objection is due to be OVERRULED.

**B.     FRE 402 and 403**

As discussed above, Pemberton also objects to the challenged evidence on FRE 402 and 403 grounds. However, as discussed above, this evidence is relevant, and its probative value is not substantially outweighed by unfair prejudice or similar concerns. Accordingly, Pemberton's FRE 402 and 403 objections are due to be OVERRULED.

**C.   Conclusion**

For the foregoing reasons, the Motion in Limine is OVERRULED.

Done this 7th day of June, 2011

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE